**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**GEORGE D. JOHNSON**                                                                    **PETITIONER**

**V.**                                                                    **NO. 2:05CR022-MPM**

**UNITED STATES OF AMERICA**                                                    **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the Petitioner's motion to vacate his conviction and sentence under to 28 U.S.C. § 2255. The Government has responded, the Petitioner has replied[1] and this matter is now ripe for review.

*A. Factual and Procedural Background*

On April 27, 2005, George Johnson was convicted by a jury of his peers of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Petitioner was sentence to 120 months imprisonment. An appeal was perfected. In support thereof, the Petitioner raised two issues: (1) the conviction was based upon an unlawful seizure, and (2) the sentence was based upon facts not proved at trial. The appeal was denied on April 4, 2006.[2] Johnson filed his 2255 petition on April 20, 2007, asserting essentially three grounds for relief:

    Ground One: Petitioner is innocent of the crime.

    Ground Two: Ineffective assistance of counsel based upon,
        a. the failure to object to the production of a government witness's

---

[1] The court has construed the Petitioner's motion for leave to amend as a reply to the Government's response.

[2] The Government submits that the Petitioner subsequently filed a writ of certiorari to the Supreme Court but was denied. The Government does not address the timeliness of this petition.

>>    statement,
>> b. the failure to retain an expert, and
>> c. the failure to call exculpatory witnesses.

Ground Three: Use of juvenile records to enhance the sentence.

*B. Standard for Review*

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those

alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).

C. Discussion

**Issues that could have been Raised on Appeal are Barred from Consideration**

Grounds One and Three could have been raised on direct appeal. Ordinarily when a defendant raises an issue for the first time during collateral review, he must show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. Johnson has made no showing of cause or prejudice. Accordingly, Petitioner's Grounds One and Three are barred from consideration by the procedural default doctrine due to his failure to raise them on direct appeal. Procedural bar notwithstanding, the court will briefly address these Grounds.

<u>Ground One: Innocence</u>

A defendant who has received a fair trial and has been convicted, no longer enjoys the presumption of innocence. *Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 860, 122 L. Ed. 2d 203 (1993). A petitioner who claims that he is actually innocent of the crime must show that, based on reliable evidence not presented at trial by reason of a constitutional violation, it is more likely than not that no reasonable juror would have convicted him. *Calderon v. Thompson*, 523 U.S. 538, 118 S. Ct. 1489, 1503, 140 L. Ed. 2d 728 (1998). A claim of actual innocence, independent of any constitutional violation or error, cannot serve as a separate ground for federal habeas relief. *Herrera*, 506 U.S. at 390. Here, the Petitioner's innocence argument is simply lacking any substance to be taken seriously. Furthermore, as discussed in greater detail *infra*, there is no constitutional violation

3

upon which the Petitioner may rely to bolster his innocence claim.

Ground Three: Sentence Enhancement

The Petitioner asserts that the court impermissibly relied upon juvenile records to enhance his sentence. First, it is routinely recognized that the technical application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable on collateral review of a 2255 motion. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Additionally, the Petitioner did not receive an "enhanced" sentence. Rather, he was sentenced to 120 months imprisonment, the maximum term of imprisonment available for his crime. *See* 18 U.S.C. § 924(a)(2). The Government also submits that the sentence imposed was within the guidelines range with or without consideration of the juvenile convictions. In any event, Ground Three is barred from consideration or alternatively is denied for each of the foregoing reasons.

**Ineffective Assistance of Counsel**

When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687.

### Production of Witness's Statement

The Petitioner argues that the prosecution did not provide a copy of Demonica Roberson's statement until trial was in progress denying him the opportunity to mount an adequate defense. As an extension of this argument for relief, the Petitioner claims that his attorney rendered ineffective assistance when he failed to object to the witness's statement. The Government offers that there was no requirement that the witness's statement be produced prior to trial.

Rule 26.2(a) governs the production of witness statements. The Rule provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession, and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a). Contrary to the Petitioner's belief, the prosecution was under no obligation to produce Roberson's statement prior to her direct examination at trial. The Petitioner's attorney was, therefore, not deficient in failing to object to the timing of the production of the statement. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (counsel is not required to make futile motions or objections). There being no deficiency in his attorney's performance, Johnson's claim fails.

### Failure to Retain an Expert

Post-conviction claims of uncalled witnesses are viewed with skepticism. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Claims of this nature require the court to engage in too much speculation as to the testimony of an uncalled witness. *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). The decision to present witness testimony is essentially trial strategy

5

and thus within counsel's domain. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). For a petitioner to prevail with an uncalled-witness claim, he must show that the testimony would have been favorable. *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981). This demonstration is "required for uncalled lay and expert witnesses alike." *Day*, 566 F.3d at 538.

Johnson's claim, however, fails to meet these standards. Johnson asserts that his attorney was ineffective for failing to hire an expert to challenge the results of a gun shot residue analysis. The Government counters that no expert was necessary to reach or sustain the verdict because there was other evidence presented to the jury regarding the elements of the crime. First, there is a complete absence of any factual proof in support of Johnson's claim. He, instead, posits that an expert would have testified that there was no gun shot residue found on his hands. Such conclusory and highly speculative claims are not worthy of habeas relief. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (unsupported claims regarding the uncalled expert witness are disfavored as grounds for demonstrating ineffective assistance of counsel). Alternatively, the claim fails on the merits.

Johnson was charged as a convicted felon in possession of a firearm. Possession of a firearm may be actual or constructive, and may be proven by circumstantial evidence. *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006). As Johnson did not have actual possession of the firearm, the Government had to prove "ownership, dominion, or control over the contraband itself or dominion or control over the [location] in which the contraband is concealed." *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993) (internal quotation marks and citation omitted). The evidence must at least support a plausible inference that the defendant had knowledge of and access to the weapon. *Id.* A jury, as trier of fact, may choose to accept or reject a witness's testimony in whole or part, even if there is some conflict in the testimony. *United States v. Pruneda-Gonzalez*,

953 F.2d 190, 196 (5th Cir. 1992). A jury's credibility determination can only be disturbed if the testimony is factually impossible. *United States v. Landerman*, 109 F.3d 1053, 1067 (5th Cir. 1997).

At the trial, there were facts other than the gun shot residue analysis presented to the jury. On the night Johnson was arrested, officers responded to a call that shots had been fired on Lincoln Street. Officers received a tip that Johnson had fired the shots and that he was hiding inside the house at 829 Lincoln Street. Several spent .45 caliber shell casings were found in front of the house. The .45 caliber handgun was found on the roof of the house. Johnson was found inside the house fully clothed and feigning sleep. Given these facts, the jury could have reasonably concluded that Johnson exercised dominion or control over the gun and the home where the gun was found. *United States v. Anderson*, 559 F.3d 348, 353-54 (5th Cir. 2009). The court finds that there was ample proof to support the jury's verdict. Johnson has, therefore, not shown that counsel's failure to secure an expert deprived him of a fair trial with a reliable result.

The Failure to Call Exculpatory Witnesses

Again, claims based on testimony from uncalled witnesses are not favored in federal habeas corpus review. To prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). In order to establish prejudice, the petitioner must also show with a reasonable probability that the uncalled witnesses would have made a difference to the result. *Id.* at 603.

Johnson suggests that three potential witnesses, if called, would have testified to his innocence. He, however, predicts the testimony of only one of these three possible witnesses,

7

Shimeka Moore. Johnson claims that Moore would have testified that she was the rightful and lawful owner of the gun further that Moore would have explained that she purchased the gun for someone other than the Petitioner. This claim is supported by Johnson's reply to which he attached a copy of a firearms transaction record bearing Moore's name, and a statement given by Moore to an agent of the Bureau of Alcohol, Tobacco and Firearms. Moore's three page hand written statement essentially explains that she purchased the firearm for "Moochie."

Moore's statement, however, does not bolster the Petitioner's ineffective assistance of counsel claim. Johnson misunderstands the distinction between ownership and "possession" as defined by the law. The crime with which he was charged–possession of a firearm by a convicted felon–does not include "ownership" as an element. Rather, ownership is but one way the prosecution may prove "possession," which *is* an element of the crime. As noted *supra*, possession can be actual or constructive. Based on the facts of this case, the jury determined that Johnson had constructive possession of the gun. The presentation of Moore as a witness would have only proved that she obtained the gun illegally and gave it someone named "Moochie." This would in no way definitively exclude the Petitioner from possessing the weapon after it was purchased by Moore. Had she testified as Johnson now predicts, her testimony would not have resulted in a different outcome. Therefore, counsel's decision not to call Moore as a witness was not deficient but was sound trial strategy.

*D. Conclusion*

For all the foregoing reason, Johnson's motion shall be denied. The claims neither singularly or collectively are sufficient to warrant federal habeas relief.

A final judgment shall issue in accordance with this opinion.

This the 21st day of August, 2009.

                                                      **/s/ MICHAEL P. MILLS**
                                                      **CHIEF JUDGE**
                                                      **UNITED STATES DISTRICT COURT**
                                                      **NORTHERN DISTRICT OF MISSISSIPPI**